

# In the Court of Criminal Appeals of Texas

No. PD-0423-23

DARYL JOE, *Appellant*

v.

THE STATE OF TEXAS

On Appellant's Petition for Discretionary Review
From the Tenth Court of Appeals
Navarro County

YEARY, J., filed a dissenting opinion.

The Court says we are asked today to decide two questions. Majority Opinion at 1. First, it says, we are asked to construe the scope of the Cargo Theft statute (particularly as compared to the Organized Retail Theft statute). *Id.* And second, it says that we must decide whether the evidence in this case was sufficient to support Appellant's

conviction beyond a reasonable doubt (particularly with respect to the element that the actor must "conduct[] . . . an activity in which [he] . . . possesses . . . stolen cargo." *Id*.; TEX. PENAL CODE § 31.18(b)(1)(A)).

Appellant argues, based on the Court's *Lang* opinion, that, because he was not shown to be part of a cargo theft ring, he has not been shown to have violated the statute. Under the practically identical language of the former Organized Retail Theft statute,[1] the Court previously concluded that a *lone shoplifter* could *not* be convicted of *that* offense. *Lang v. State*, 561 S.W.3d 174, 183 (Tex. Crim. App. 2018) ("[T]he organized retail theft statute was not intended to apply to the conduct of an ordinary shoplifter acting alone."). And the Court seems to agree somewhat, when it concludes that the Cargo Theft statute is "not distinguishable from[,]" and must be read "in parity" with, the former Organized Retail Theft statute. Majority Opinion at 2, 10, 11 & 13.

Even so, the Court concludes that the lone truckdriver in this case *could* be prosecuted under the Cargo Theft statute—that the statute "does extend to the type of conduct Appellant engaged in"—if only he had done "*an activity* separate from the acts inherent in stealing the cargo[.]" *Id*. at 13 (emphasis added). Does this mean that, unlike the unaffiliated shoplifter, a truckdriver need not belong to a cargo theft ring in order to commit cargo theft? It is not at all clear to me what the Court would answer to this question, or even whether the Court is

---

[1] *See* former TEX. PENAL CODE § 31.16(b)(1) ("A person commits an offense if the person intentionally conducts . . . an activity in which the person . . . possesses . . . stolen retail merchandise.").

actually construing the Cargo Theft statute consistently with its prior construction of the Organized Retail Theft statute in *Lang*.

The Court chooses to remain in the hole it dug in its unfortunate opinion in *Lang*, which interpreted our former Organized Retail Theft statute differently from the meaning of that statute's plain and intelligible words—to not include or permit what it manifestly included and permitted: the prosecution of a lone actor. Now, the Court digs the hole deeper. But there is a way out. I would simply read the plain and intelligible words of both the former Organized Retail Theft statute and the Cargo Theft statute as they were written by our Legislature, and I would not try to change the meaning of those words to better comport with what the Court thinks the Legislature (collectively) might have been thinking when it voted to approve those words.

Like Judge Keel, I believe that the evidence in this case *is* legally sufficient to support Appellant's conviction for cargo theft. Dissenting Opinion of Judge Keel at 1 (arguing that Appellant "conducted an activity in which he possessed the stolen cargo when he tried to hook up the brake lines and lights"). And like the Court, I do believe that the Cargo Theft statute itself *must* be construed in accordance with *a proper* construction of the former Organized Retail Theft statute.

But I vehemently disagreed with the Court's construction of the Organized Retail Theft statute in *Lang*, articulating my own view in a dissenting opinion. *Lang*, 561 S.W.3d at 188−91 (Yeary, J., dissenting). I would not make the mistake of now importing *the Court's faulty construction* of the former Organized Retail Theft statute into the Cargo Theft statute—*if* that is what the Court is really doing today.

The Court's decision in *Lang* was clearly erroneous. We should abandon it as soon as possible before it further corrupts the jurisprudence of our state. When we conclude that a prior decision of this Court is leading us into a dark forest of confusion, we should turn around immediately and not wait until we are lost and struggling to find our way home. *Recte Decide*, I say!

Applying my own understanding of the plain import of the shared statutory language, I believe that the evidence in this case was legally sufficient. A rational jury could have determined that Appellant stole the cargo—by exercising control over it without the owner's consent[2]—when he backed his rig up to the trailer, causing it to attach. Indeed, we so held when this case was before us on original submission. *Joe v. State*, 663 S.W.3d 728, 733–34 (Tex. Crim. App. 2022). That jury could then have rationally concluded that he conducted a further activity—in which he possessed what was by then "stolen cargo"—when he moved to hook up the brake lines and lights.[3]

Accordingly, I respectfully dissent.

**FILED:**                                             November 20, 2025
**PUBLISH**

---

[2] *See* TEX. PENAL CODE § 31.03(a) ("A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property."); § (b)(1) ("Appropriation of property is unlawful if . . . it is without the owner's effective consent."); § 31.014)(B) ("'Appropriate' means . . . to acquire or otherwise exercise control over property other than real property.").

[3] *See Lang*, 561 S.W.3d at 191 (Yeary, J., dissenting) ("Under the plain terms of the [former Organized Retail Theft] statute, an unaffiliated shoplifter may also commit organized retail theft by engaging in some further activity after the theft in which she possesses the already-stolen retail merchandise.").